Case No. 07-2115/2116/2117

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**JEFFREY MICHAEL MOLDOWAN,**

Plaintiff-Appellee

v.

**CITY OF WARREN, DONALD INGLES, MICHAEL SCHULTZ (07-2115);
ALAN WARNICK (07-2116); MAUREEN FOURNIER (07-2117)**

Defendants-Appellants

On Appeal from the United States District Court
for the Eastern District of Michigan
No. 05-70331-Hon. Anna Diggs Taylor, District Judge

**PLAINTIFF-APPELLEE'S RESPONSE TO DEFENDANTS-APPELLANTS'
PETITION FOR REHEARING EN BANC**

Submitted by:
Michael R. Dezsi (P64530)
FIEGER, FIEGER, KENNEY & JOHNSON, P.C.
Attorneys for Plaintiff-Appellee
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

**A.     Other than disagreeing with the panel's decision, Defendants fail to demonstrate entitlement to rehearing *en banc* under 6 Cir. R. 35.**

Under a plain reading of the FRAP 35 and 6 Cir. R. 35, Defendants petition for rehearing should be denied where they merely reiterate their factual and legal arguments that have already been rejected by a panel of this Court.

The crux of Defendants' petition for rehearing *en banc* is their complaint that the Supreme Court has never *directly* held that a police officer who conceals, fabricates, or destroys, exculpatory evidence can be held liable under § 1983. While the Supreme Court has held that *prosecutors* are shielded from civil damages under 1983 for *Brady* violations, the Defendants are asking this Court to extend the same protections to police officers who conceal, fabricate, or destroy exculpatory evidence in violation of *Brady*. The panel rejected Defendants' invitation based on this Court's prior decisions in *Gregory*, *Spurlock*, and *Sutkiewicz*. *See* Sl. Op. at 25. In this regard, the panel's decision in this case does not conflict with either Supreme Court or this Court's prior precedents. Because their petition for rehearing simply reiterates its arguments and seeks a different result, Defendants fail to meet the requirements of 6 Cir. R. 35(c) and thus their petition should be denied.

Defendants also claim that they had no notice, prior to their misconduct, that concealing, fabricating, or destroying evidence was a violation of clearly established

law. The panel properly rejected Defendants' claim and found that "[a]lthough our recognition of this type of a claim is more recent and less specific, the overwhelming number of decisions from other circuits recognizing this type of claim satisfies us that any reasonable police officer would know that suppressing exculpatory evidence was a violation of the accused's constitutional rights." Sl. Op. at 30. Defendants simply continue to contest the panel's finding that the law was clearly established regarding a police officers's duty not to conceal or fabricate exculpatory evidence. This claim rings hollow.

As the panel emphasized, a number of its sister circuits have held that the procedural due process disclosure obligations of *Brady* apply to investigative officers who conceal, fabricate, or destroy exculpatory evidence. *See* Sl. Op. at 29 ("For most of the same reasons we have laid out here, virtually every other circuit has concluded either that the police share in the state's obligations under *Brady*, or that the Constitution imposes on the police obligations analogous to those recognized in *Brady*."). Accordingly, the panel correctly concluded that "any reasonable police officer would know that suppressing exculpatory evidence was a violation of the accused's constitutional rights." Sl. Op. At 30. Defendants' vague claim that the panel misapplied Supreme Court precedent in its qualified immunity analysis falls short of the "extraordinary" circumstances required for rehearing *en banc*.

In Section C of its petition, Defendants claim that the panel's decision in this matter conflicts with the Supreme Court's decision in *Arizona v. Youngblood* and the decisions of the sister circuits which require a showing of bad faith in order to prevail on a § 1983 claim against a police officer who conceals or destroys exculpatory evidence. The fact that there may be a circuit court split on the issue does not warrant *en banc* consideration by this Court. Circuit court splits are resolved by the Supreme Court, and 6 Cir. R. 35 does not contemplate *en banc* review simply because this Court has been called to decide a question which has split the circuits.

Also without merit is Defendants' contention that the panel's decision conflicts with *Youngblood*. As the panel correctly notes, "*Youngblood* does not impose a bad faith requirement on any and all due process claims brought against police officers. On the contrary, just like *Brady* and *Agurs*, the Court's decision in *Youngblood* confirms that where "material exculpable evidence" is concerned, the mental state of the government official withholding that evidence is not relevant to determining whether a due process violation has occurred. 488 U.S. at 57-58." Sl. Op. at 34. The panel further noted that its interpretation of *Youngblood* "finds support in the case law of our sister circuits." Sl. Op. at 36 n.11. Like its other arguments, Defendants simply disagree with the panel's decision and seek a different result. Such is not the purpose of *en banc* review.

In Section D of their petition, Defendants continue to contest the factual disputes contained in the record. Such a factual contest falls outside the jurisdiction of this Court, and does not warrant *en banc* consideration.

Defendants' remaining arguments in support of rehearing *en banc* are also unavailing. In Section E of their petition, Defendants' claim that the panel's decision conflicts with *City of Los Angeles v. Heller*. Defendants' reliance on *Heller* is misplaced. As the panel correctly points out, Defendant City of Warren's liability for the decision of its policy maker to destroy evidence falls squarely within the Supreme Court's holding in *Pembaur v. City of Cincinnati* in which the Supreme Court held that municipal liability may attach "for a single decision by municipal policymakers under appropriate circumstances." Sl. Op. at 47-48 (internal citations omitted). *Pembaur* is controlling in this instance, not *Heller*, and thus Defendants claim that the panel's decision conflicts with Supreme Court precedent should be rejected.

Finally, Defendants claim that the panel erred in applying Michigan law. However, even assuming, *arguendo*, that the panel incorrectly applied Michigan law, that is no reason to grant rehearing *en banc*. Indeed, as 6 Cir. R. 35(c) plainly holds, "[a]lleged errors in the determination of state law or in the fats of the case . . .are matters for panel rehearing but not for rehearing en banc."

For all of these reasons, Plaintiff Moldowan respectfully requests that this Honorable Court deny Defendants' petition for rehearing *en banc* as unnecessary and unwarranted under 6 Cir. R. 35.

>Respectfully submitted,
>
>/s Michael R. Dezsi
>MICHAEL R. DEZSI (P64530)
>Fieger, Fieger, Kenney, Johnson & Giroux, P.C.
>Attorneys for Plaintiff-Appellee
>19390 W. Ten Mile Road
>Southfield, Michigan 48075
>(248) 355-5555
>m.dezsi@fiegerlaw.com

Case No. 07-2115/2116/2117

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

**JEFFREY MICHAEL MOLDOWAN,**

**Plaintiff-Appellee**

**v.**

**CITY OF WARREN, DONALD INGLES, MICHAEL SCHULTZ (07-2115); ALAN WARNICK (07-2116); MAUREEN FOURNIER (07-2117)**

**Defendants-Appellants**

---

## CERTIFICATE OF SERVICE

Michael R. Dezsi hereby certifies that on September 24, 2009, he caused to be served on all attorneys registered and participating in the electronic (ECF) filing of the above document in compliance with Fed R. App. P. 25.

                                       s/ Michael R. Dezsi
                                       MICHAEL R. DEZSI (P64530)
                                       Fieger, Fieger, Kenney, Johnson & Giroux, P.C.
                                       Attorneys for Plaintiff-Appellee
                                       19390 West Ten Mile Road
                                       Southfield, Michigan 48075
                                       (248) 355-5555
                                       v.valenti@fiegerlaw.com

Dated: September 24, 2009